ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
WING YAN WONG, ESQ.
Nevada Bar No. 13622
GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Direct: (702) 577-9310
Facsimile: (702) 255-2858
E-Mail: rlarsen@grsm.com
wwong@grsm.com

*Attorneys for Park Bonanza East
Townhouse Owners Association, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILMINGTON TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP SECURITIZATION TRUST, SERIES 2014-1, <br><br> Plaintiff, <br><br> vs. <br><br> PARK ONE EAST TOWNHOUSE OWNERS ASSOCIATION, INC.; DOE Individual I-X inclusive; and ROE business entities XI-XX, inclusive, <br><br> Defendants. | Case No.: 2:17-cv-00319-JCM-GWF <br><br> **JOINT MOTION TO STAY LITIGATION** |

Plaintiff Wilmington Trust National Association, not in its individual capacity but as trustee of ARLP Securitization Trust, Series 2014-1 and Defendant Park Bonanza East Owners Association, erroneously named as Park One East Townhouse Owners Association (collectively as "Parties"), by and through their respective counsel, hereby move to stay proceedings in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND

This is a quiet title action arising from the NRS Chapter 116 foreclosure sale of the residential property located at 3827 Coral Reef Way, Las Vegas, Nevada 89110 ("Property.").

-1-

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1  On February 1, 2017, Plaintiff filed this action against Defendant, seeking a declaration that the
2  deed of trust which was secured against the Property was not extinguished and related reliefs.
3  ECF No. 1 at 15:26-17:13.

4  Prior to the commencement of the action, the parties have been discussing potential
5  resolutions of this matter. As a result, the Parties stipulated to multiple extensions for Defendant
6  to respond to Plaintiff's Complaint. *See* ECF No. 12, 14, and 16. At this time, the Parties have
7  reached a mutually agreeable settlement framework whereby the Property will be placed for sale
8  to interested third parties, with the proceeds to be paid to Plaintiff and Defendant. The
9  framework is contingent on the sale of the Property, which necessarily requires a short period of
10 time for marketing and sale. The Parties anticipate it may be another six (6) months for the
11 Property to be marketed and sold, and for the Parties to finalize the settlement following the sale.
12 In the interest of judicial economy, the Parties jointly request for a brief stay of this action in its
13 entirety for six (6) months to effectuate the tentative settlement framework.

14 **II.    LEGAL STANDARD AND ARGUEMNTS**

15 "District courts have inherent authority to stay proceedings before them." *Rohan ex rel.*
16 *Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003). To evaluate the parties' request to stay,
17 this Court may consider "any potential prejudice to the non-moving party, hardship or inequity to
18 the moving party if the proceedings are not stayed, and the interests of judicial economy and
19 efficiency." *Mangani v. Merck & Co.*, No. 2:06-cv-00914, 2006 WL 2707459 at *1 (D. Nev.);
20 *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Calif. 1997) (considering the same
21 three factors when evaluating a motion to stay). This Court may properly stay an action pending
22 finalizing of tentative settlement among parties. *Arias v. Prospect Mortgage, LLC*, 2:13-cv-
23 00671-PMP-GWF (D. Nev. May 1, 2014).

24 Plaintiff and Defendant jointly request for a stay of six (6) months to effectuate a
25 tentative settlement that involves sale of the Property. There are two parties in this action,
26 Plaintiff Wilmington Trust and Defendant Park Bonanza, who are jointly moving this Court for a
27 stay of this litigation to effectuate a tentative settlement framework. Therefore, no parties in this
28 action will suffer any prejudice as a result of the stay. Denying the stay, however, will cause

hardship to the Parties as both parties will be forced to enter into discovery and other case management activities. Plaintiff and Defendant anticipate that the sale of the Property will permit the Parties to reach a mutually agreeable settlement. Therefore, the brief stay may obviate the need for further litigation or assistance from the Court. In the unlikely event that the settlement cannot be finalized, the parties will promptly move to lift the stay and continue through the normal course of litigation. The stay is not requested for purposes of delay or bad faith, but only for the purposes of limiting expenses of litigation costs and judicial resources.

### III. CONCLUSION

Plaintiff and Defendant respectfully request that the Court enter an Order directing that:

1) This action be stayed for six (6) months, until February 8, 2018 and

2) For the Parties to file by February 8, 2018 either:

    a) a stipulation and order dismissing this case or

    b) a status report as to the progress of settlement or motion to lift the stay, as appropriate.

| | |
|---|---|
| DATED: August 11, 2017 | DATED: August 11, 2017 |
| WRIGHT, FINLAY & ZAK, LLP | GORDON REES SCULLY MANSUKHANI, LLP |
| */s/ R. Samuel Ehlers* | */s/ Wing Yan Wong* |
| Edgar C. Smith, Esq. (SBN 5506)<br>R. Samuel Ehlers, Esq. (SBN 9313)<br>7785 W. Sahara Ave., Suite 200<br>Las Vegas, NV 89117 | Robert S. Larsen, Esq. (SBN 7785)<br>Wing Yan Wong, Esq. (SBN 13622)<br>300 S. Fourth Street, Suite 1550<br>Las Vegas, Nevada 89101 |
| *Attorneys for Wilmington Trust National Association, not in its individual capacity but as Trustee of the ARLP Securitization Trust, Series 2014-1.* | *Attorneys for Park Bonanza East Townhouse Owners Association, Inc.* |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 8/14/2017

1119011/34098654v.1